IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Darrell Snow, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:23-cv-02150-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Ron Lawrenz, Facility Administrator; | ) | |
| Dr. Michelle Dube, Clinical Director; | ) | |
| Lisa Young, Security Major; and Eric | ) | |
| Ramos, Chief of Security, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Darrell Snow, a *pro se* litigant who was involuntarily committed to a treatment facility operated by Wellpath Recovery Solutions under contract with the South Carolina Department of Mental Health, filed this action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On September 28, 2023, Plaintiff filed a Request for Entry of Default against all Defendants (ECF No. 13), to which Defendants filed a Response in Opposition (ECF No. 17).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court deny Plaintiff's request for entry of default. (ECF No. 22). The Report notified Plaintiff of his right to file objections thereto, *id.* at 8, and was mailed to Plaintiff at the address he provided to the court (ECF No. 24). The Report has not been returned as undeliverable and Plaintiff is, therefore, presumed to have received it. Nevertheless, Plaintiff has failed to file any objections to the Report and the time in which to do so has expired.

1

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district

court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having carefully reviewed the Report and the record and, finding no error—clear or otherwise—the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 22), which is incorporated herein by reference. Accordingly, Plaintiff's Request for Entry of Default (ECF No. 13) is **DENIED.** The case is returned to the magistrate judge for continued pretrial handling.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
March 14, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.